UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DENISE HEIMANN, et al.,           )
                                  )
            Plaintiffs,           )
                                  )
      v.                          )    No. 4:05CV594 FRB
                                  )
BURLINGTON NORTHERN SANTA FE      )
RAILWAY COMPANY, et al.,          )
                                  )
            Defendants.           )

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendant James O. Frier's Motion to Dismiss for Fraudulent Joinder (filed April 14, 2005/Docket No. 6) and plaintiffs' Motion for Remand to the Circuit Court of the City of St. Louis (filed May 12, 2005/Docket No. 9). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiffs brought this action in the Circuit Court of the City of St. Louis, Missouri, alleging that the negligence of defendants Burlington Northern Santa Fe Railway Company ("Burlington Northern") and James O. Frier caused the wrongful death of Robert Heimann. Plaintiffs Denise Heimann, Mitchell Heimann, Melanie Heimann, Louis Heimann, and Mary Heimann are the wife, children and parents of the decedent, and are residents of the State of Missouri. Defendant Burlington Northern is

incorporated in the State of Delaware with its principal place of business in the State of Texas, and is alleged to own, control and operate the railroad and locomotive involved in the collision which is alleged to have caused the decedent's death.  Defendant Frier is a Missouri resident and is alleged to have been the individual engineer operating the locomotive at the time of the collision.

Defendant Burlington Northern removed the cause to this Court on April 14, 2005, invoking this Court's diversity jurisdiction inasmuch as complete diversity of citizenship exists between plaintiffs and defendant Burlington Northern, and the amount in controversy exceeds $75,000.00.  Conceding that defendant Frier is a Missouri citizen, defendant Burlington averred in its Notice of Removal that plaintiffs fraudulently joined this non-diverse defendant solely to defeat removal.  Defendant Frier now moves to dismiss plaintiffs' Petition against him, arguing that he was fraudulently joined in this action as demonstrated by plaintiffs' inability to state a cause of action against him as a matter of law.  Plaintiffs oppose the motion, and further seek to remand the matter to State court arguing that complete diversity is lacking and that, therefore, this Court lacks subject matter jurisdiction over the cause.  For the following reasons, plaintiffs' argument is well taken and this matter should be remanded to State court for all further proceedings.

The burden is upon the removing defendants to demonstrate

that removal to federal court is appropriate.  Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).  On the face of plaintiffs' Petition here, diversity of citizenship does not exist.  Defendant Burlington Northern may avoid remand, however, if it is demonstrated to the Court that defendant Frier, the non-diverse party, was fraudulently joined and should be eliminated as a party to the Petition.  Filla v. Norfolk County Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003).  "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants."  Id. at 810 (internal quotation marks and citation omitted).  "Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent."  Id.  In conducting fraudulent-joinder review, the Court must be guided by reason.  Id.

In their Petition here, plaintiffs allege that the wrongful death of Robert Heimann was caused by, inter alia, the negligence of resident defendant Frier in that Frier:  1) operated the train at a speed unsafe for then existing conditions and failed to slow or decelerate when faced with a specific hazard on its approach to the crossing; 2) failed to ring a bell or horn at least eighty rods from the crossing as required by Mo. Rev. Stat. § 389.665; and 3) failed to keep a proper lookout for vehicles at or approaching the crossing.  In Burlington Northern's Notice of Removal and in Frier's Motion to Dismiss, defendants contend that

evidence gathered during the course of discovery[1] shows plaintiffs unable to recover on their claims against Frier. Defendants argue that a review of such "undisputed evidence"--which includes the deposition testimony of defendant Frier, plaintiffs' expert witness, and a train conductor--shows plaintiffs' claims against Frier to have no basis in law or fact and that, therefore, Frier should be dismissed as a defendant in the cause. Defendants' argument is misplaced.

Contrary to defendants' assertion, the Court does not consider it appropriate to determine the issue of fraudulent joinder on the substantive evidence gathered to date in this cause. Consideration of such evidence would be appropriate if the Court were determining whether defendant Frier is entitled to judgment as a matter of law.[2] However, in determining fraudulent joinder on a motion to remand, the Court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts

---

[1] Discovery was obtained during the pendency of a previous State cause of action filed by plaintiffs in December 2002 against defendants Burlington Northern and Frier. That matter was set for trial in State court on April 18, 2005, but was voluntarily dismissed by the plaintiffs on March 4, 2005. Plaintiffs immediately refiled the cause of action in State court on March 7, 2005. It is this refiled action which defendant Burlington Northern removed to this Court on April 14, 2005, and is the subject of the instant motions.

[2] Nothing before the Court shows whether defendant Frier moved for summary judgment in State court asserting, as he does here, that the undisputed evidence clearly shows plaintiffs' claims to have no basis in fact or law.

involved." Filla, 336 F.3d at 811. Where "state law might impose liability on the resident defendant *under the facts alleged* . . . there is no fraudulent joinder." Id. at 810 (emphasis added). Indeed, as noted by the Eighth Circuit in Filla, a district court "[has] no power to decide the merits of a case over which [it has] no jurisdiction." Id.; see also Manning v. Wal-Mart Stores East, Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo 2004).

In this cause, plaintiffs allege negligence on the part of defendant Frier, the engineer of the locomotive at the time of the collision, for operating the train at an unsafe speed and failing to slow or decelerate, for failure to sound a horn as required by Missouri law, and for failure to keep a lookout upon approach to the crossing. Claims of wrongful death based on the negligence of an individual engineer have been permitted by Missouri courts to proceed against the engineer, e.g., See v. Wabash R. Co., 242 S.W.2d 15 (Mo. 1951) (plaintiffs presented submissible case of wrongful death against engineer based on his alleged negligence); Doyle v. St. Louis-San Francisco Ry. Co., 571 S.W.2d 717 (Mo. Ct. App. 1978) (wrongful death/negligence claims against locomotive's engineer submitted to jury after directed verdict entered in favor of brakemen); Bray v. St. Louis-San Francisco Ry. Co., 236 S.W.2d 758 (Mo. Ct. App. 1951) (claims of negligence against engineer of locomotive determined on merits); Maddux v. Gardner, 192 S.W.2d 14 (Mo. Ct. App. 1945) (merits of

wrongful death claim against locomotive's engineer determined on sufficiency of the substantive evidence), including claims such as those brought here by the plaintiffs, e.g., See, 242 S.W.2d at 16 (case submitted on alleged failure to slacken speed or to sound timely and adequate warning); Doyle, 571 S.W.2d at 721 (case submitted on alleged failure to give statutory warning by bell and whistle). Therefore, on the facts as alleged by plaintiffs in their Petition, Missouri law *might* impose liability against defendant Frier and defendants' claims of fraudulent joinder must fail. Filla, 336 F.3d at 810. Whether plaintiffs will ultimately succeed or fail on their claims "is best left to the Missouri courts." Id. at 811.

Therefore, for all of the foregoing reasons, defendants have failed to demonstrate to the Court that resident defendant Frier was fraudulently joined to the instant cause of action, and defendant Frier's Motion to Dismiss for Fraudulent Joinder should be denied. Inasmuch as complete diversity of citizenship is lacking, this Court lacks jurisdiction over the cause and plaintiffs' Motion to Remand should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant James O. Frier's Motion to Dismiss for Fraudulent Joinder (Docket No. 6) is denied.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Remand to the Circuit Court of the City of St. Louis (Docket No. 9) is

granted.

**IT IS FURTHER ORDERED** that this cause is hereby remanded to the Circuit Court of the City of St. Louis, Missouri, for all further proceedings.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _14th_  day of June, 2005.